**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory S. Hawn, et al., ) | No. CV 04-2954-PHX-SMM |
| ) Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Executive Jet Management, Inc., ) | |
| ) Defendant. ) | |

Pending before the Court are Plaintiffs' Motion to Strike All References to the EEOC's Determination in the McCrea Charges (Doc. 98), Plaintiffs' Motion to Strike All References to the EEOC's Dismissal of Plaintiff's Charges (Doc. 99), Defendant Executive Jet Management, Inc.'s (EJM) Motion to Strike Exhibits 38 and 40 to Plaintiff's Statement of Facts (Doc. 108), and Plaintiffs' Motion to Strike Defendant's Amended Motion for Summary Judgment (Doc. 112). After careful consideration, the Court rules the following.

## **BACKGROUND**[1]

Plaintiffs Michael R. Prince (Prince), Aric A. Aldrich (Aldrich), and Gregory S. Hawn (Hawn)(collectively referred to as Plaintiffs) were all formerly employed as pilots for Defendant EJM. Plaintiffs' terminations all came subsequent to allegations of sexual

---

[1] In the interest of conserving judicial resources, where a party is citing to statements of fact, exhibits, or any other documents, the party shall always cite to the corresponding document number as listed on the Court docket.

harassment made by another EJM employee, flight attendant Robyn McCrea (McCrea). On or about January 6, 2003, McCrea lodged a verbal complaint regarding conduct allegedly engaged in by Aldrich during a two day training seminar on January 3rd and 4th of 2003. Approximately one week later, McCrea sent EJM a 14 page letter documenting her claims against all Plaintiffs. Therein, McCrea alleged that she was subject to hostile work environment sexual harassment based on the alleged actions of all three plaintiffs. Thereafter, EJM commenced an investigation into McCrea's allegations. In April 2003, at the conclusion of EJM's investigation, the company terminated Plaintiffs for "inappropriate behavior". However, while EJM's investigation was ongoing, McCrea filed a charge of discrimination with the EEOC. The EEOC's investigation into the same allegations of sexual harassment alleged by McCrea resulted in a determination against EJM just three months after Plaintiffs' termination, resulting in a finding by the EEOC of a violation of Title VII by EJM for hostile work environment sexual harassment. It is the EEOC's finding of EJM's responsibility for Plaintiff's alleged sexual harassment of McCrea that Plaintiffs currently seek to exclude based on the allegation that the determination might be prejudicial or immaterial to Plaintiffs' present lawsuit.

## DISCUSSION[2]

**I.  Plaintiffs' Motion to Strike All references to the EEOC's Determination in the McCrea Charges (Doc. 98)**

Plaintiffs seek to exclude all evidence of the results of the EEOC investigation into Plaintiff's alleged inappropriate conduct toward McCrea which led to a finding of a violation of Title VII by EJM for hostile work environment sexual harassment. The Ninth Circuit has considered the admissibility of EEOC findings in Title VII cases and has concluded that

---

[2] Although termed "Motion to Strike," Doc. 98 and Doc. 99 are requests to exclude evidence related to the EEOC's determination on a charge of discrimination filed by a former employee (Doc. 98) and evidence related to the dismissal of Plaintiff's Charges of Discrimination filed with the EEOC (Doc. 99).

- 2 -

"EEOC determination[s], prepared by professional investigators on behalf of an impartial agency, [are] held to be a highly probative evaluation of an individual's discrimination complaint" and are per se admissible. *See Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981). Plaintiff's attempt at convincing the Court that it may be misled or confused by the "McCrea Charge" or that its prejudicial value substantially outweighs its probative value fails.[3] Furthermore, the EEOC's determination has probative value to support its admissibility in that it substantiates the decision of EJM President to terminate Plaintiffs in April 2003. Accordingly, Plaintiff's Motion to Strike All References to the EEOC's Determination in the McCrea Charges (Doc. 98) is hereby **DENIED**.

## II. Plaintiffs' Motion to Strike All References to EEOC's Dismissal of Plaintiff's Charges (Doc. 99)

Plaintiffs request that the Court strike any reference in Defendant's Motion for Summary Judgment and Supporting Statement of Facts to the dismissal of Plaintiffs' EEOC charges. Plaintiffs maintain that their charges were administratively closed when the EEOC was unable to make a determination as to whether a statute had been violated. Therefore, they contend that the agency's action is irrelevant, prejudicial, and should be struck from Defendant's Motion for Summary Judgment.[4] However, in their four sentence motion, Plaintiffs fail to provide the Court with any pinpoint citations to Defendant's references to the EEOC Dismissal in Defendant's 18 page Motion for Summary Judgment (Doc. 95) or Defendant's 37 page Statement of Facts (Doc. 96) that Plaintiffs so vehemently oppose.[5]

---

[3] This failure is primarily attributable to the lack of Plaintiffs' effort in making any such showing in their motion.

[4] Plaintiffs do not however elaborate as to *why* making any reference to the dismissal is irrelevant or prejudicial.

[5] The Court is assuming that Plaintiffs are not referring to the exhibits attached to the Supporting Statement of Facts, and if they were, that they would have articulated their individual grievances with each of the exhibits A-X.

1  Thus, the Court declines to comb through the filings to ascertain the extent of potential harm
2  the Plaintiffs are allegedly being exposed to by Defendant's reference to the EEOC dismissal.
3  Title VII explicitly requires Plaintiffs to have received a right to sue notice[6] from the
4  EEOC prior to filing suit against Defendant. *See* 42 U.S.C. § 2000e-5(f)(1). Thus, in order
5  for this Court to have jurisdiction, the Plaintiffs first had to receive their Right to Sue letter,
6  which in this case came in the form of a "Dismissal and Notice of Rights". Consequently,
7  the Court finds the dismissal letter relevant to the present matter. Further, the Court finds
8  that there is nothing prejudicial or confusing regarding the dismissal. Neither the reference
9  thereto nor the language therein confuses or misleads the Court.[7] Finally, to the best of the
10 Court's ability, the Court has ascertained that EJM references the EEOC's dismissal of
11 Plaintiffs' charges once in its Motion for Summary Judgment and once in its Statement of
12 Facts in what appears to be an effort at relating the complete procedural history of events
13 relevant to the present matter before the Court. Thus, the Court finds that the brevity of such
14 references does not prejudice the Plaintiffs. Consequently, Plaintiffs' Motion to Strike All
15 References to the EEOC's Dismissal of Plaintiff's Charges (Doc. 99) is hereby **DENIED**.
16 ...

---

[6] The "Right to Sue Notice" referenced in the Plaintiffs' Complaint is actually entitled "Dismissal and Notice of Rights".

[7] The EEOC dismissal for each of Plaintiffs' charges contained the following explanation:
> The EEOC issues the following determination:
> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

## III. Defendant's Motion to Strike Exhibits 38 and 40 to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment[8] (Doc. 108)

Defendant requests that the Court strike Exhibits 38 and 40 of Plaintiffs' Statement of Facts in Opposition to Defendant's Motion for Summary Judgment. The exhibits consist of a number of emails Plaintiffs allegedly received from EJM employees Brandi Waters and Michelle Leihgeber. Defendant contends that the exhibits are both irrelevant and highly prejudicial, as well as likely to confuse the issues to be addressed in the Motion for Summary Judgment. The Defendant's argument is well taken.

The exhibits are allegedly relied on to aid Plaintiffs in establishing the fourth prong of the prima facie case of sex discrimination. Essentially, Plaintiffs contend that two women, Brandi Waters and Michelle Leihgeber, engaged in similar conduct as Plaintiffs, but were treated more favorably by EJM. Most notably, the Court finds that there is no evidence that the documents were provided to EJM by Plaintiffs during EJM's lengthy investigation into Plaintiffs' misconduct or any time prior to their termination. Thus, it is inconceivable to conclude that EJM could have treated Plaintiffs differently to similarly situated individuals (i.e. Plaintiffs) when they allegedly had no knowledge of the existence of the emails until subsequent to the investigations and Plaintiffs' termination. Furthermore, the emails do not establish that Brandi Waters and Michelle Leihgeber were "similarly situated" to Plaintiffs, in that the evidence establishes that Plaintiffs in fact welcomed the emails they received from Waters and Leihgeber.

Moreover, even if the Court were to find the exhibits relevant, given the nature and quantity of the emails, the Court finds that their prejudicial value substantially outweighs

---

[8] Defendant requests that the Court strike Exhibits 38 and 40 to Doc. 100, Plaintiffs' Statement of Facts in Opposition to Defendant's Motion for Summary Judgment, however, the exhibits are in fact attached to Doc. 101, Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 101).

- 5 -

their probative value. Therefore, the Motion to Strike Exhibits 38 and 40 to Plaintiff's Statement of Facts (Doc. 108) is hereby **GRANTED**.

### IV. Plaintiffs' Motion to Strike Defendant's Amended Motion for Summary Judgment (Doc. 112)

Plaintiffs request that the Court strike Defendant's Amended Motion for Summary Judgment on the grounds that the deadline to submit dispositive motions expired previous to Defendant filing its motion and Defendant sought neither consent nor leave of Court previous to filing the motion.[9] The Court has considered Plaintiffs' argument and has reviewed Defendant's Response to Plaintiffs' Motion to Strike. Especially considering how well versed the parties have revealed that they are in the Local Rules, the Court is surprised at the extent that both parties have fallen short in their compliance with the rules. Considering the fact that **both** parties have violated the Rules of Practice of the United States District Court for the District of Arizona, the Court is left to decide whether it should order **both** parties to re-file their briefs in accordance with the rules. In an effort to conserve the **clients' resources**, the Court has decided that it is in the best interests of the clients to provide counsel with a warning that counsel for all parties are hereby advised that all documents filed with this Court **must** comply with **all** Federal and Local Rules. Specifically, parties are cautioned to adhere to the specific **font size** requirements (13 font-including footnotes pursuant to Proposed LRCiv 7.1(b)(1)), **page limitations**, and to **limit their footnotes** to no longer than 5 lines. LRCiv 7.2(e), and that all documents electronically filed with this Court **must** be converted to PDF directly from a **word processing program** (i.e. WordPerfect). It may not be created from the scanned image of a paper document. LRCiv

---

[9]Defendant filed the original version within the period originally granted by the Court, however, Plaintiffs objected to Defendant's attempt at complying with a new Local Rule. Therefore, Defendant later filed a red-lined version, which did not contain substantive changes. The later version is the version to which the Defendants have filed the Motion to Strike.

1  7.1(c). In the event the Court receives any further filings that do not comply with the rules,
2  the Court will strike the documents from the record.  Furthermore, the parties are to comply
3  with the scheduling orders entered by this Court and prescribed by local and federal rules.
4  Consequently, Plaintiffs' Motion to Strike Defendant's Amended Motion for Summary
5  Judgment is **DENIED**.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiffs' Motion to Strike All References to the EEOC's Determination in the McCrea Charges (Doc. 98).

**IT IS FURTHER ORDERED DENYING** Plaintiffs' Motion to Strike All References to the EEOC's Dismissal of Plaintiff's Charges (Doc. 99).

**IT IS FURTHER ORDERED GRANTING** Defendant's Motion to Strike Exhibits 38 and 40 to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 108).

**IT IS FURTHER ORDERED DENYING** Plaintiffs' Motion to Strike Defendant's Amended Motion for Summary Judgment (Doc. 112).

DATED this 8th day of May, 2007.

Stephen M. McNamee
United States District Judge